```
                    IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON
```

GARY R. COUCH,

    Plaintiff,

vs.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION

    Defendant.

Civ. No. 07-00575-TC

ORDER AND OPINION

Coffin, Magistrate Judge:

Before the court is defendant's Motion (#11) to Dismiss Counts 2 and 3 of Plaintiff's Complaint. For the reasons that follow, defendant's motion is granted.

## BACKGROUND

Plaintiff challenges a final determination of the Social Security Commissioner denying his claim for disability benefits, seeking relief on three counts. In the first, plaintiff asserts that the agency erred in denying his benefits claim; defendant does not move to dismiss this count. In the second count, plaintiff contends that defendant has "failed[,] neglected and

1 Opinion and Order

refused to respond favorably" to a FOIA request concerning evidence related to the vocational expert's opinion testimony. In plaintiff's third count, he contends that defendant violated his Fifth Amendment right to substantive due process, "and/or" his Ninth Amendment right "to a government that is honest in fact and reasonably competent," by "pretending to or actually relying on" unreliable vocational expert testimony. Defendant argues that the court should dismiss count two because subject matter jurisdiction in this court is lacking, and count three should be dismissed for failure to state a claim. Defendant's arguments are well-taken.

## ANALYSIS

### Count Two – FOIA Violation

Plaintiff's counsel submitted a FOIA request for all documents and correspondence "discussing the number of jobs issue that arises at step 5 of sequential evaluation in disability claims" involving his client. Def. Ex. A. Ethel Burrows, SSA Office of Public Disclosure Division Director, contacted plaintiff's counsel in order to clarify the types of documents that plaintiff was seeking. Burrows Declaration. Burrows was informed that the FOIA request was made at the same time plaintiff's counsel submitted a request for review to the Appeals Council. Burrows Declaration. Burrows informed plaintiff's counsel's assistant that all SSA documents relating to the FOIA request would be in plaintiff's claims file, and that plaintiff should contact her concerning the request. Plaintiff's counsel did not do so. Burrows Declaration.

Plaintiff also received a letter stating that the Office of

2 Opinion and Order

Appeals would send the relevant documents. Def. Ex. B. The Office of Appeals Operations sent plaintiff copies of exhibits and a tape of plaintiff's SSA benefits hearing before the Administrative Law Judge. Def. Ex. C.

Plaintiff now alleges that SSA has failed to respond to his request for information and correspondence "discussing the number of jobs issue that arises at step 5 of sequential evaluation in disability claims" involving his client. Plaintiff has not alleged any facts to lay a foundation for this assertion; rather, he alleges only that "[t]he defendants [sic] have failed, neglected and refused to respond favorably" to plaintiff's request. Complaint p. 2.

Jurisdiction of the district court for a FOIA claim is predicated on the improper withholding of all or part of requested records. 5 U.S.C. § 552(a)(4)(B); Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980) ("Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation [i.e., wrongful withholding of qualifying records].") (bracketed terms added). The court may consider facts outside the complaint in determining whether it has subject matter jurisdiction over a claim. Sammatino v. United States, 255 F.3d 704, 708 n.3 (9th Cir. 2000). As noted above, the record indicates that both the Office of Appeals and Office of Public Disclosure responded to plaintiff's FOIA request with responsive documents. The Declaration of Ethel Burrows and correspondence from the Office of Appeals substantiate

3 Opinion and Order

defendant's contention that no documents responsive to the FOIA request have been withheld. In light of plaintiff's failure to allege any facts that lay a foundation for his claim that a FOIA violation occurred, I am not satisfied that the predicate to jurisdiction, e.g., that there has been an improper withholding of responsive documents, exists in this case. Thus, I find that this court lacks subject matter jurisdiction, and Count Two is dismissed for that reason.

Even if plaintiff's bare assertion of a FOIA violation were sufficient to confer jurisdiction on this court under 5 U.S.C. § 552, plaintiff's claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it lacks any identification of particular documents that have been allegedly withheld. Plaintiff's assertion that defendant "failed[,] neglected and refused to respond favorably" to his request for documents "discussing the number of jobs issue that arises at step 5 of sequential evaluation" does not provide not a sufficient description of records that have been allegedly withheld. Rather, it bears a closer resemblance to a simple legal contention that a FOIA violation occurred. Thus, even if I were satisfied that there were jurisdiction in this court to consider the matter, absent any identification of improperly withheld documents, plaintiff's claim would fail under Fed. R. Civ. P. 12(b)(6). See, e.g., Wrenn v. Derwinski, 791 F. Supp. 11, 14 (D.D.C. 1992), aff'd, 1993 WL 215228 (D.C. June 8, 1993) (where complaint "merely asserts the legal conclusion that defendant has violated the FOIA's provisions without alleging facts to support the claim [and] Plaintiff does not identify the documents that he requested

4 Opinion and Order

and that the defendant refused to release . . . the complaint fails to meet the requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Dismissal pursuant to Rule 12(b)(6) is appropriate."); Brunwasser v. Jacob, 453 F. Supp. 567 (D. C. Pa. 1978), aff'd, 605 F.2d 1194 (3d Cir. 1979) (where "requests for information pursuant to the Freedom of Information Act, 5 U.S.C. § 552, fail to 'reasonably describe such records' as required by subsection (a)(3) thereof . . . the portions of the complaint seeking such relief will be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.").

Count Three - Constitutional Violations

Count Three alleges:

On 6/15/05, the defendants caused a [sic] ALJ hearing to occur on plaintiff's Social Security Disability case.

On this occasion, plaintiff alleges on information and belief, that defendants failed[,] neglected and refused to uphold plaintiff's constitutional rights as follows:

(a) By pretending to or actually relying on Vocational Expert testimony about numbers of jobs that defendants know or should know to be unreliable, in violation of plaintiff's Fifth Amendment right to substantive due process and/or plaintiff's Ninth Amendment right to a government that is honest in fact and reasonably competent at what it undertakes to do."[1]

---

[1]There is no subsection (b) in Count Three of plaintiff's complaint.

5 Opinion and Order

1  Complaint, 2-3.
2      Plaintiff first asserts that the ALJ's use of Vocational
3  Expert (VE) testimony violated his Fifth Amendment right to
4  substantive due process. Plaintiff apparently contests the VE's
5  estimation of the number of jobs existing in the national economy
6  for which plaintiff is eligible, which is used at step five of
7  the sequential evaluation of disability claims. Plaintiff's
8  claim lacks any merit. As an initial matter, plaintiff does not
9  offer the court any explanation of how his claim implicates the
10 liberty interests that he Due Process Clause has been construed
11 to protect, namely, fundamental rights deeply rooted in our
12 nation's history. See Washington v. Glucksberg, 521 U.S. 702,
13 721 (1997). Moreover, the Ninth Circuit has held unequivocally
14 that "[a]n ALJ may take administrative notice of any reliable job
15 information, including information provided by a VE." Bayliss v.
16 Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) (citing Johnson v.
17 Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)). And, as the
18 Commissioner argues, the record is devoid of any allegation that
19 plaintiff was deprived of an opportunity to counter the VE's
20 testimony or challenge its foundation. In sum, because plaintiff
21 fails to state a claim under the Fifth Amendment upon which
22 relief may be granted, this claim is dismissed.
23     Plaintiff next asserts that the Commissioner has violated
24 her "right to a government that is honest in fact and reasonably
25 competent at what it undertakes to do." Plaintiff's counsel
26 filed the self-same allegation in Romans v. Commissioner Social
27 Security Administration, Civ. No. 06-01331 (D. Or., May 16,
28 2007), which presented very similar facts to the case at bar. In

6 Opinion and Order

her decision on the Commissioner's motion to dismiss, Judge Aiken held, "I do not find that plaintiff's assertion qualifies as a 'short and plain statement of the claim showing that the pleader is entitled to relief' required under Fed. R. Civ. P. 8(a)(2)." That reasoning applies with equal force in this case. Moreover, as Judge Aiken explained, "federal court jurisdiction exists only if there is an actual case or controversy. Plaintiff's asserted Ninth Amendment violation fails to state any such case or controversy." Id. at 6. Plaintiff's claim under the Ninth Amendment is dismissed.[2]

## CONCLUSION

Defendant's Motion (#11) to Dismiss Counts 2 and 3 of Plaintiff's Complaint is granted.

IT IS SO ORDERED.

Dated this 9 day of August, 2007.

_____
THOMAS M. COFFIN
United States Magistrate Judge

---

[2] Furthermore, plaintiff's claims in Count Three are subject to dismissal on sovereign immunity grounds, inasmuch as the only defendant in this action is an individual, the Commissioner of the Social Security Administration, sued for actions performed in his professional capacity, resulting in alleged violations of constitutional rights (as opposed to an alleged erroneous agency decision). See FDIC v. Meyer, 510 U.S. 471, 475 (1994); Gilbert v. DeGrossa, 756 F.2d 1455, 1458-59 (9th Cir. 1985).

7 Opinion and Order